UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| STACI LA SHAWN NELSON,<br><br>        Plaintiff,<br><br>        v.<br><br>CAROLYN W. COLVIN,<br>**Acting Commissioner of**<br>**Social Security,**<br><br>        Defendant. | Case No. EDCV 15-749 AJW<br><br>MEMORANDUM OF DECISION<br>AND ORDER |

Plaintiff filed this action seeking reversal of the decision of defendant, the Acting Commissioner of the Social Security Administration (the "Commissioner"), denying plaintiff's application for supplemental security income ("SSI") benefits. The parties have filed a Joint Stipulation ("JS") setting forth their contentions.

**Administrative Proceedings**

The parties are familiar with the procedural facts, which are summarized in the joint stipulation. [JS 2]. In a September 27, 2013 written hearing decision that constitutes the Commissioner's final decision in this case, an administrative law judge (the "ALJ") found that plaintiff was not disabled because she retained the residual functional capacity ("RFC") to perform alternative jobs that exist in significant numbers in the national economy. [JS 2-3; Administrative Record ("AR") 22-30]. Accordingly, the ALJ concluded that plaintiff was not disabled through the date of her decision. [AR 24].

**Standard of Review**

The Commissioner's denial of benefits should be disturbed only if it is not supported by substantial evidence or is based on legal error. Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1054 (9th Cir. 2006); Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). "Substantial evidence" means "more than a mere scintilla, but less than a preponderance." Bayliss v. Barnhart, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). "It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (internal quotation marks omitted). The court is required to review the record as a whole and to consider evidence detracting from the decision as well as evidence supporting the decision. Robbins v. Soc. Sec. Admin, 466 F.3d 880, 882 (9th Cir. 2006); Verduzco v. Apfel, 188 F.3d 1087, 1089 (9th Cir. 1999). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas, 278 F.3d at 954 (citing Morgan v. Comm'r, Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999)).

**Discussion**

Plaintiff contends that the Commissioner did not carry her burden at step five because the there is an unresolved conflict between the vocational expert's testimony that plaintiff could perform the alternative jobs she identified in response to the ALJ's hypothetical question and the physical demands of those jobs as described in the Dictionary of Occupational Titles ("DOT").

At step five, the Commissioner has the burden of establishing, through the testimony of a vocational expert ("VE") or by reference to the Medical-Vocational Guidelines, that the claimant can perform alternative jobs that exist in substantial numbers in the national economy. Bruton v. Massanari, 268 F.3d 824, 827 n.1 (9th Cir. 2001). "Where the testimony of a VE is used at Step Five, the VE must identify a specific job or jobs in the national economy having requirements that the claimant's physical and mental abilities and vocational qualifications would satisfy." Osenbrock v. Apfel, 240 F.3d 1157, 1162-1163 (9th Cir. 2001).

///

Under Ninth Circuit law and Social Security Ruling ("SSR") 00-4p[1], an ALJ may not rely on a VE's testimony regarding the requirements of a particular job without first inquiring whether that testimony conflicts with the DOT. Massachi v. Astrue, 486 F.3d 1149, 1152 (9th Cir. 2007); see Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995) (noting that a rebuttable presumption exists that the job classification information in the DOT controls, and stating that an ALJ may rely on expert testimony that contradicts the DOT "only insofar as the record contains persuasive evidence to support the deviation") (citing Villa v. Heckler, 797 F.2d 794, 798 (9th Cir. 1986)). A VE's testimony may give rise to a conflict with the DOT "in at least two different ways. First, the [VE] may testify that a particular job requires a particular exertional or skill level, when the DOT expressly provides that the job requires a different exertional level." Carey v. Apfel, 230 F.3d 131, 144 n.2 (5th Cir. 2000). "A second, and different type of conflict may arise when the [VE's] testimony places the ALJ's finding with respect to the claimant's residual functional capacity or the claimant's specific impairments in conflict with the exertional or skill level or the specific skills required for the identified jobs in the DOT." Carey, 230 F.3d at 144 n.2.

Neither the DOT nor the VE's testimony "automatically trumps when there is a conflict." Massachi, 486 F.3d at 1153 (footnote omitted). If an apparent conflict exists, the ALJ must obtain an explanation for it, determine whether the VE's explanation is reasonable, decide whether a basis exists for relying on the VE rather than on the DOT, and explain how he or she resolved the conflict. Massachi, 486 F.3d at 1152-1153; see SSR 00-4p, 2000 WL 1898704, at *2-*4 (stating that before ALJs can rely on VE testimony, the must "[i]dentify and obtain a reasonable explanation for any conflicts between occupational evidence provided by VEs" and information in the DOT and "its companion publication, the Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles," and to "[e]xplain in the

---

[1] Social security rulings "are binding on all components of the Social Security Administration [SSA]" and represent

> final opinions and orders and statements of policy and interpretations of the SSA. SSRs reflect the official interpretation of the SSA and are entitled to some deference as long as they are consistent with the Social Security Act and regulations. SSRs do not carry the force of law, but they are binding on ALJs nonetheless.

Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1224 (9th Cir. 2009) (internal quotation marks, citations, alteration, and footnote omitted).

3

1  determination or decision how any conflict that has been identified was resolved"). This procedural
2  requirement "ensure[s] that the record is clear as to why an ALJ relied on a vocational expert's testimony,
3  particularly in cases where the expert's testimony conflicts with the [DOT]." Massachi, 486 F.3d at 1153.

4  During the hearing, the ALJ asked the VE to assume the existence of a hypothetical person who,
5  among other things, was limited to occasional overhead reaching bilaterally, and the ALJ included the same
6  limitation in her RFC finding. [AR 25, 62]. The VE testified that the hypothetical person could not perform
7  plaintiff's past relevant work but could perform the DOT jobs of outsole scheduler, DOT job number
8  221.587-022; swatch clerk, DOT job number 222.587-050; and ticket taker, DOT job number 344.667-010.
9  [AR 62-63]. The ALJ did not ask the VE whether his testimony was consistent with the DOT, and the VE
10 did not testify on that issue.    The ALJ adopted the VE's testimony and found that plaintiff could perform
11 all three of the DOT jobs identified by the VE.

12 According to the DOT, the "Physical Demands" of all three of those jobs include frequent reaching.
13 "Frequent" means occurring from one-third to two-thirds of the time. According to the Commissioner's own
14 social security ruling, "reaching" means "extending the hands and arms in any direction," SSR 85-15, 1985
15 WL 56857, at *7, so frequent reaching connotes the ability to reach frequently overhead and in any other
16 direction. See Riad v. Colvin, 2014 WL 2938512, at * 5 (C. D. Cal. Jun. 30, 2014) ("[T]he weight of
17 authority in the Ninth Circuit supports the proposition that 'reaching' as used here in the DOT encompasses
18 overhead or above-the-shoulder reaching.") (collecting cases).

19 The ALJ's finding that plaintiff is limited to overhead reaching "occasionally" means from very
20 little up to one-third of the time. SSR 85-15, 1985 WL 56857, at *7. Since the jobs identified by the VE
21 all require frequent reaching, the VE's testimony creates an apparent conflict with the DOT by "plac[ing]
22 the ALJ's finding with respect to the claimant's residual functional capacity . . . in conflict with the
23 exertional or skill level or the specific skills required for the identified jobs in the DOT." Carey, 230 F.3d
24 at 144 n.2. Neither the VE nor the ALJ acknowledged or explained the apparent conflict. Accordingly,
25 the VE's testimony does not provide sufficient support for the ALJ's deviation from the DOT in this regard.
26 As a result, the court "cannot determine whether substantial evidence supports the ALJ's step-five finding
27 that [plaintiff] could perform other work." Massachi, 486 F.3d at 1154; see Meyer v. Astrue, 2010 WL
28 3943519, at *8-*9 (E.D. Cal. Oct. 1, 2010) (holding that the ALJ committed reversible error in relying on

1  a VE's testimony that a claimant who was limited to occasional reaching above the shoulder level with the
2  left upper extremity could perform jobs that the DOT classified as requiring frequent reaching where the
3  ALJ did not obtain a reasonable explanation of this apparent conflict from the VE).

4  Defendant concedes that the ALJ erred in failing to ask the VE if his testimony was consistent with
5  the DOT.  Defendant contends, however, that no actual conflict exists between the VE's testimony and the
6  ALJ's RFC finding.  Specifically, defendant contends that: (1) the DOT does not differentiate between
7  overhead reaching and other forms of reaching; (2) since plaintiff could frequently use her hands for fine
8  and gross manipulations, so she could "likely frequently reach in other directions";  (3) a "common sense
9  review" of the DOT job descriptions suggests that they do not involve more than occasional overhead
10 reaching; (4) plaintiff did not raise the issue during the hearing or ask the VE about any potential conflict
11 between his testimony and the DOT; and (5) the record does not support plaintiff's claim that she has any
12 upper extremity limitations.  [JS 9-13].

13 Defendant's contentions lack merit.  Since the Commissioner and numerous courts have concluded
14 that "reaching" encompasses the ability to reach overhead, an apparent conflict exists when, without
15 explanation, an ALJ finds that someone who is limited to occasional overhead reaching nonetheless can
16 perform DOT jobs that require frequent reaching.  Plaintiff's ability to perform fine and gross manipulation,
17 without more, does not create an inference that plaintiff can perform jobs that require frequent reaching
18 because reaching is distinct from other upper extremity manipulative activities, which include "handling,"
19 "fingering," and "feeling." SSR 85-15,  1985 WL 56857, *at *7 (noting that since reaching and handling
20 are "required in almost all jobs, "significant limitations of reaching or handling . . .  may eliminate a large
21 number of occupations a person could otherwise do. *Varying degrees of limitations would have different*
22 *effects, and the assistance of a VS may be needed to determine the effects of the limitations."*) (italics
23 added).[2]

24 The Court rejects the Commissioner's suggestion that it resolve the apparent conflict in this case by
25 parsing the DOT's narrative job descriptions to make a "common sense" determination whether a job that

---

27  [2]  "Handling" means "seizing, holding, grasping, turning or otherwise working primarily with
   the whole hand or hands"; "fingering" means "picking, pinching, or otherwise working primarily
28 with the fingers"; and "feeling" means using the fingertips to perceive "the size, shape, temperature,
   or texture of an object." SSR 85-15,  1985 WL 56857, at *7.

the DOT explicitly classifies as requiring frequent reaching can be performed with a limitation to occasional overhead reaching. Under SSR 00-4p and Ninth Circuit law, the ALJ has an affirmative duty to resolve an apparent conflict in the first instance. See Zavalin v. Colvin, 778 F.3d 842, 846 (9th Cir. 2015) ("When there is an apparent conflict between the vocational expert's testimony and the DOT—for example, expert testimony that a claimant can perform an occupation involving DOT requirements that appear more than the claimant can handle—the ALJ is required to reconcile the inconsistency. The ALJ must ask the expert to explain the conflict and then determine whether the vocational expert's explanation for the conflict is reasonable before relying on the expert's testimony to reach a disability determination.") (internal quotation marks omitted) (citing Massachi, 486 F.3d at 1153-1154; SSR 00–4P, 2000 WL 1898704, at *2). A court may determine that an ALJ's failure to resolve an apparent conflict was harmless error, but "[i]n making this determination, [courts] are 'constrained to review the reasons the ALJ asserts' and 'cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision.'" Zavalin, 778 F.3d at 848 (quoting Stout, 454 F.3d at 1054).

Here, the ALJ made no attempt to reconcile the apparent inconsistency by examining the DOT narrative job descriptions for evidence that those jobs could be performed with only occasional overhead reaching despite being classified as demanding frequent reaching, so the court cannot affirm the ALJ's decision on that ground. See Zavalin, 778 F.3d at 848 (holding that since the ALJ did not rely on the claimant's use of computer and video games to find that he was capable of performing specific DOT jobs at step five, "we cannot do so now to find the error harmless"); Meyer, 2010 WL 3943519, at *8 (rejecting the Commissioner's argument that there was no inconsistency between the DOT and the VE because the DOT job description did not mention needing to reach overhead with both hands, and explaining that "[t]his type of guesswork by the Court is prohibited and is 'exactly the sort of inconsistency the ALJ should have resolved with the expert's help'") (quoting Prochaska v. Barnhart, 454 F.3d 731, 736 (7th Cir. 2006) (reversing in part and remanding where the ALJ limited the claimant to occasional reaching above shoulder level and found that she could perform the DOT job of cashier, which requires frequent reaching, the ALJ should have resolved the apparent conflict "with the expert's help. We cannot determine, based on the record, whether the expert's testimony regarding . . . reaching was actually inconsistent with the DOT. That

determination should have been made by the ALJ in the first instance, and his failure to do so should have been identified and corrected by the Appeals Council.")).[3]

Defendant's argument that plaintiff waived the existence of an unresolved conflict by not questioning the VE about a potential conflict during the hearing is unavailing. Plaintiff raised the issue in support of her request for Appeals Council review, and therefore she did not waive it. [See AR 222-224]. See Meanel v. Apfel, 172 F.3d 1111, 1115 (9th Cir. 1999) (holding that disability claimants who are represented by counsel "must raise all issues and evidence at their administrative hearings in order to preserve them on appeal," and that a claimant who was attempting to rely on evidence not presented to the ALJ or to the Appeals Council had waived presentation of that evidence where no manifest injustice would result). Moreover, the ALJ had an affirmative duty to inquire about and resolve any potential conflict. See Zavalin, 778 F.3d at 846; Massachi, 486 F.3d at 1153-1154; SSR 00–4P, 2000 WL 1898704, at *2.[4]

Finally, defendant contends that the ALJ's error is harmless because the record as a whole fails to establish "any upper extremity limitations . . . ." [JS 13]. The ALJ, of course, found that the record as a whole justified limiting plaintiff to occasional overhead reaching. [AR 25]. The court cannot find the ALJ's error at step five harmless by ignoring the ALJ's RFC finding or by making an independent finding about plaintiff's ability to reach. See Zavalin, 778 F.3d at 848 (stating that in determining whether an ALJ's error is harmless, a court is "constrained to review the reasons the ALJ asserts") (quoting Stout, 454 F.3d at 1054

---

[3] It is immaterial that in this case the Appeals Council examined those job descriptions and concluded that they do not require significant overhead reaching because the Appeals Council did not issue a disability decision on the merits, as it could have done. See 20 C.F.R. §§ 404.969-404.970; 416.1469-416.1470. Instead, the Appeals Council denied review, leaving the ALJ's decision as the final decision of the Commissioner and the only decision this Court has jurisdiction to review. See Brewes v. Comm'r of Soc. Sec. Admin., 682 F.3d 1157, 1161-1162 (9th Cir. 2012) ("[W]e do not have jurisdiction to review a decision of the Appeals Council denying a request for review of an ALJ's decision, because the Appeals Council decision is a non-final agency action. When the Appeals Council declines review, the ALJ's decision becomes the final decision of the Commissioner, and the district court reviews that decision for substantial evidence, based on the record as a whole.") (internal citations and quotation marks omitted).

[4] Defendant cites Gutierrez v. Comm'r of Soc. Sec., 740 F.3d 519, 527 (9th Cir. 2014) for the proposition that "the ALJ is entitled to rely on the vocational expert's uncontradicted testimony," but Gutierrez is distinguishable. In that case, the VE testified to the number of alternative jobs available in the national economy for a person with the claimant's RFC. See Gutierrez, 740 F.3d at 527. The issues of whether an apparent conflict existed between the VE's testimony and the DOT and whether the ALJ properly resolved any apparent conflict were not raised or decided in Gutierrez.

(explaining that in conducting a harmless error analysis, a court "cannot rely on independent findings of the district court" nor "affirm the decision of an agency on a ground that the agency did not invoke in making its decision. Consequently, if the Commissioner's request that we dismiss the ALJ's error as harmless invites this Court to affirm the denial of benefits on a ground not invoked by the Commissioner in denying the benefits originally, then we must decline.") (internal quotation marks and citations omitted)).

An apparent unresolved conflict exists between the ALJ's step-five finding that plaintiff can perform the DOT jobs identified in her decision and the VE's testimony. The appropriate remedy is to reverse the Commissioner's denial of benefits and "remand this case so that the ALJ can perform the appropriate inquiries under SSR 00-4p" and issue a new decision containing appropriate findings. Massachi, 486 F.3d at 1154.

## Conclusion

For the reasons stated above, the Commissioner's decision is not supported by substantial evidence and reflects legal error. Accordingly, the Commissioner's decision is **reversed,** and the case is **remanded** for further administrative proceedings consistent with this memorandum of decision.

**IT IS SO ORDERED.**

April 14, 2016

_____
ANDREW J. WISTRICH
United States Magistrate Judge